Argued July 23, reversed August 11, 1975

MARION COUNTY ET AL, *Petitioners, v.*
MID-WILLAMETTE VALLEY AIR POLLUTION
AUTHORITY, *Respondent.*

LARRY EPPING BLDG. CO., *Petitioner, v.*
MID-WILLAMETTE VALLEY AIR POLLUTION
AUTHORITY, *Respondent.*

538 P2d 960

*Frank C. McKinney,* Marion County Legal Counsel, Salem, argued the cause and filed the brief for petitioners Marion County and John A. Anderson.

*Daniel A. Ritter,* Salem, argued the cause for petitioner Larry Epping Bldg. Co. With him on the brief were Harland, Ritter & Haenny, Salem.

*Cecil H. Quesseth,* Salem, argued the cause and filed the brief for respondent.

*David A. Rhoten* and Rhoten, Rhoten & Speerstra, Salem, submitted a brief amicus curiae for Gerlinger Industries Corp.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Marion County and Larry Epping Bldg. Co. petition for judicial review of an order of the Mid-Willamette Valley Air Pollution Authority imposing $1,500 civil penalties against each. The petitions are consolidated for purposes of review here.

On October 25, 1974, and two days following, Marion County caused to be burned 12 stacks of land-clearing debris situated on and adjacent to the East Cordon Road right-of-way between State Street and Macleay Road, Salem, Marion County, Oregon. Some of the material burned was situated on right-of-way of Marion County and some on the land of Larry Epping Bldg. Co. On October 28, 1974, the director of the Authority caused notice to be sent to John A. Anderson, Director of Public Works of Marion County, and Larry Epping Bldg. Co. that a civil penalty had been assessed against each for $500 per day for three days for violation of open burning restrictions of the rules of the Authority. The parties requested a hearing. Following the hearing before the Board of Directors of the Authority, it affirmed the civil penalty imposed by its director.

Petitioners challenge in this court the order to be reviewed on several grounds but we find it necessary to consider only one issue which governs both petitions.

Petitioners contend that the fires in question were not subject to control of the Authority but fell within

the exceptions stated in ORS 468.290(6) and Rule 33-005(1)(d) of the Authority:

"Except as provided in this section and in ORS 468.450, 476.380 and 478.960, the air pollution laws contained in ORS 448.305 * * * and this chapter do not apply to:

"* * * * *

"(6) Fires set or permitted by any public agency when such fire is set or permitted in the performance of its official duty for * * * prevention or elimination of a fire hazard, or instruction of employes in the methods of fire fighting, which in the opinion of the agency is necessary * * *

"* * * * *." ORS 468.290.

"Fires, set or permitted by any public officer, board, council, or commission for the purposes of fire prevention, elimination of a fire hazard, or training for fire control." Chapter III, Title 33, Section 33-005(1)(d), Standards and Prohibited Practices, Mid-Willamette Valley Air Pollution Authority (as amended September 20, 1974).

The Authority in its finding of fact concluded that at the time of the burning no fire hazard existed. The County Commissioners, prior to the burning, had determined that a fire hazard did exist and had ordered the burning.①

---

① Mr. Theodore Kuenzi, Assistant Director of Public Works for Marion County, testified as follows at the hearing:

"Q  Who gave the final orders to light the fires?
"A  The County Commissioners. It was discussed at a staff meeting on Friday morning, and at that time Pat McCarthy, one of the County Commissioners, he gave permission or orders to burn subject to confirmation by one of the other Commissioners who could not be there at that time.

"Q  Was that subsequent confirmation received?
"A  Yes, it was.

"Q  And from whom?
"A  Harry Carson.

Both the statute and the rule quoted above provide that the prohibition against the open burning does not apply to "[f]ires, set * * * by any public * * * commission for * * * elimination of a fire hazard* * *" (Rule 33-005(1)(d)) or to "[f]ires set * * * by any public agency * * * for * * * elimination of a fire hazard * * *" (ORS 468.290(6)). Neither the Authority rule exception nor the statutory exception provides that the Authority determine whether or not a fire hazard exists. We think the determination by the County that the fires were necessary to eliminate a fire hazard and the action of the County in causing the fires to be set[2] placed the action within the exception of both the statute and the Authority rule.

Reversed.

---

"Q   What is a staff meeting?
"A   It's a regular public meeting held by the County Commissioners each Friday morning for the benefit of any of the departments that have various things to discuss with the Commissioners.
"Q   Is it a scheduled meeting?
"A   Yes, it is a scheduled meeting.  Usually the press is there.
"Q   Is it a public meeting?
"A   It is that.
"Q   Do you know why the fires were ordered lighted?
"A   To eliminate a fire hazard."

[2] The fires were, in fact, set by the Marion County Public Works Department and permitted by Marion County Fire District No. 1.